MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LUCINO VALENTIN, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| PIRGOS FOOD CORP. (D/B/A | **29 U.S.C. § 216(b)** |
| MOONSTRUCK DINER), JOHN | |
| KAPETANOS, MICHAEL COLUMBUS, | **ECF Case** |
| ORLANDO COCA, and STEVE | |
| COLUMBUS, | |

*Defendants.*
-------------------------------------------------------X

Plaintiff Lucino Valentin ("Plaintiff Valentin" or "Mr. Valentin"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Pirgos Food Corp. (d/b/a Moonstruck Diner),

("Defendant Corporation"), John Kapetanos, Michael Columbus, Orlando Coca, and Steve

Columbus, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Valentin is a former employee of Defendants Pirgos Food Corp. (d/b/a

Moonstruck Diner), John Kapetanos, Michael Columbus, Orlando Coca, and Steve Columbus.

2.       Defendants own, operate, or control a diner, located at 244 Madison Ave, New York,

NY 10017 under the name "Moonstruck Diner".

3.      Upon information and belief, individual Defendants John Kapetanos, Michael Columbus, Orlando Coca, and Steve Columbus, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the diner as a joint or unified enterprise.

4.      Plaintiff Valentin was employed as a waiter at the diner located at 244 Madison Ave, New York, NY 10017.

5.      At all times relevant to this Complaint, Plaintiff Valentin worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Valentin appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Valentin the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      In addition, Defendants repeatedly failed to pay Plaintiff Valentin wages on a timely basis.

9.      At all relevant times, Defendants paid Plaintiff Valentin at a rate that was lower than the required tip-credit rate.

10.     Defendants' conduct extended beyond Plaintiff Valentin to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valentin and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiff Valentin now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Valentin seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Valentin's state law claims under 28 U.S.C. § 1367(a).

15.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner located in this district.

16.     Further, Plaintiff Valentin was employed by Defendants in this district.

## PARTIES

*Plaintiff*

17.     Plaintiff Lucino Valentin ("Plaintiff Valentin" or "Mr. Valentin") is an adult individual residing in Bronx County, New York.

18.     Plaintiff Valentin was employed by Defendants at Moonstruck Diner from approximately 2009 until on or about April 2020.

19.     Plaintiff Valentin consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled a diner, located at 244 Madison Ave, New York, NY 10017 under the name "Moonstruck Diner".

21.     Upon information and belief, Pirgos Food Corp. (d/b/a Moonstruck Diner) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 244 Madison Ave, New York, NY 10017.

22.     Defendant John Kapetanos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Kapetanos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Kapetanos possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Valentin, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Michael Columbus is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Columbus is sued individually in his capacity as a manager of Defendant Corporation. Defendant Michael Columbus possessed operational control over Defendant Corporation and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Valentin, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Orlando Coca is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Orlando Coca is sued individually in his capacity as a manager of Defendant Corporation. Defendant Orlando Coca possessed operational control over Defendant Corporation and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Valentin, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Steve Columbus is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steve Columbus is sued individually in his capacity as a manager of Defendant Corporation. Defendant Steve Columbus possessed operational control over Defendant Corporation and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Valentin, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.     Defendants operate a diner located in Midtown East section of Manhattan.

27.     Individual Defendants, John Kapetanos, Michael Columbus, Orlando Coca, and Steve Columbus, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Valentin's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Valentin, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Valentin (and all similarly situated employees) and are Plaintiff Valentin's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Valentin and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant John Kapetanos operated Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

      a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Valentin's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Valentin, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Valentin's services.

34.    In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the diner on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Valentin is a former employee of Defendants who was employed as a waiter. Plaintiff Valentin seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Lucino Valentin*

37.     Plaintiff Valentin was employed by Defendants from approximately 2009 until on or about April 2020.

38.     Defendants ostensibly employed Plaintiff Valentin as a waiter.

39.     Plaintiff Valentin regularly handled goods in interstate commerce, such as diner and other supplies produced outside the State of New York.

40.     Plaintiff Valentin's work duties required neither discretion nor independent judgment.

41.     Throughout his employment with Defendants, Plaintiff Valentin regularly worked in excess of 40 hours per week.

42.     From approximately July 2015 until on or about April 2020, Plaintiff Valentin worked from approximately 12:00 p.m. until on or about 11:00 p.m., Mondays, Tuesdays, and Fridays, from approximately 12:00 p.m. until on or about 10:00 p.m., on Thursdays, from approximately 10:00 a.m. until on or about 9:30 p.m., on Saturdays, and from approximately 4:00 p.m. until on or about 1:00 a.m., on Sundays (typically 65.5 hours per week).

43.     From approximately July 2015 until on or about 2017, Defendants paid Plaintiff Valentin his wages in cash.

44.     From approximately 2018 until on or about 2020, Defendants paid Plaintiff Valentin his wages by check.

45.     From approximately July 2015 until on or about December 2017, Defendants paid Plaintiff Valentin a fixed salary of $120 per week.

46.     From approximately January 2018 until on or about April 2020, Defendants paid Plaintiff Valentin $6.00 per hour.

47.     Plaintiff Valentin's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Valentin to work 1 hour to 1 hour and a half past his scheduled departure time 5 days a week, and did not pay him for the additional time he worked.

49.     Defendants never granted Plaintiff Valentin any breaks or meal periods of any kind. Prior to 2018, Plaintiff Valentin was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.     Although from 2018 until April 2020 Plaintiff Valentin was required to keep track of his time, Defendant's time tracking system only recorded the scheduled hours; in addition, on some occasions, Defendants required him to punch out and continue working. As a result, Plaintiff Valentin was not compensated for all of the hours that he worked.

51.     Defendants required Plaintiff Valentin to sign a document which always showed him receiving less pay than what he was actually receiving, in order to release his weekly pay.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valentin regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Valentin an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Valentin, in English and in Spanish (Plaintiff Valentin's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Valentin to purchase "tools of the trade" with his own funds—including uniforms, shoes and dress shirts.

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valentin (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

57.     Plaintiff Valentin was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Valentin not receiving payment for all his hours worked, and resulted in Plaintiff Valentin's effective rate of pay falling below the required minimum wage rate.

59.     Defendants habitually required Plaintiff Valentin to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60.      Plaintiff Valentin and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

61.     In violation of federal and state law as codified above, Defendants classified Plaintiff Valentin and other tipped workers as tipped employees, and paid them at a rate that was lower than

the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

62.     Defendants failed to inform Plaintiff Valentin who received tips that Defendants intended to take a deduction against Plaintiff Valentin's earned wages for tip income, as required by the NYLL before any deduction may be taken.

63.     Defendants failed to inform Plaintiff Valentin who received tips, that his tips were being credited towards the payment of the minimum wage.

64.     Defendants failed to maintain a record of tips earned by Plaintiff Valentin who worked as a waiter for the tips he received.

65.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Valentin worked.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

67.     Defendants paid Plaintiff Valentin his wages in cash and check.

68.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

69.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Valentin (and similarly situated individuals) worked, and to avoid paying Plaintiff Valentin properly for his full hours worked.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Valentin and other similarly situated former workers.

72.     Defendants failed to provide Plaintiff  Valentin and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiff Valentin and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

74.      Plaintiff Valentin brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

75.     At all relevant times, Plaintiff Valentin and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

76.     The claims of Plaintiff Valentin stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

77.     Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Valentin's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Valentin (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

79.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.     Defendants failed to pay Plaintiff Valentin (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82.     Defendants' failure to pay Plaintiff Valentin (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Valentin (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.     Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Valentin (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.     Defendants' failure to pay Plaintiff Valentin (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Valentin (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

88.     Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Valentin's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Valentin, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

90.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Valentin less than the minimum wage.

91.     Defendants' failure to pay Plaintiff Valentin the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Valentin was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

93.      Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Valentin overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.     Defendants' failure to pay Plaintiff Valentin overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.     Plaintiff Valentin was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

**OF THE NEW YORK COMMISSIONER OF LABOR**

97.      Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

98.      Defendants failed to pay Plaintiff Valentin one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Valentin's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

99.      Defendants' failure to pay Plaintiff Valentin an additional hour's pay for each day Plaintiff Valentin's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

100.      Plaintiff Valentin was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

101.      Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

102.      Defendants failed to provide Plaintiff Valentin with a written notice, in English and in Spanish (Plaintiff Valentin's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff Valentin in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

104.     Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiff Valentin with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to Plaintiff Valentin in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

107.     Plaintiff Valentin repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants required Plaintiff Valentin to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

109.    Plaintiff Valentin was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

110.     Plaintiff Valentin repeats and realleges all paragraphs above as though set forth fully herein.

111.    Defendants did not pay Plaintiff Valentin on a regular weekly basis, in violation of NYLL §191.

112.    Defendants are liable to Plaintiff Valentin in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Valentin respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valentin and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valentin and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Valentin's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Valentin and the FLSA Class members;

(f)     Awarding Plaintiff Valentin and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Valentin and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valentin;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valentin;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Valentin;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Valentin;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Valentin's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Valentin;

(n)     Awarding Plaintiff Valentin damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Valentin damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Valentin liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Valentin and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Valentin and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Valentin demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 6, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 23, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Lucino Valentino

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:          23 de junio 2021

*Certified as a minority-owned business in the State of New York*