# CSM Legal, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |
| ramsha@csm-legal.com | |

August 9, 2022

**VIA ECF**
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

        Re:    <u>Valentin et al v. Pirgos Food Corp. et al</u>
               Index No. 1:21-cv-05781-RA

Your Honor:

      This office represents Plaintiff in the above-referenced matter. This letter is written jointly with Defendants' Counsel to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

      Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

      The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, the parties respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I.    **<u>Background</u>**

      Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; unlawful deductions from wages; the failure to pay spread of hours; and the failure to pay wages on a timely basis, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiff alleges that he is entitled to back wages of approximately $61,912.29 and would be entitled to approximately $169,133.70 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, itemizing each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiff contends he was employed by Defendant's restaurant, located at 244 Madison Avenue, New York, NY 10017 under the name "Moonstruck Diner." Plaintiff was employed by Defendants from approximately 2009 until on or about April 2020. Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

## II. The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $5,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid thirty days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants produced records which purported to show the hours Plaintiff worked and the wages he did earn. Accordingly, Defendants alleged that, even if Plaintiff succeeded on liability, his damages were not near what Plaintiff claimed them to be. While Plaintiff disputes the accuracy and completeness of the records, Plaintiff understands that substantive answers to these disputed issues would not be resolved without substantial discovery and motion practice, if not trial. More significantly, Defendants produced financial records showing their limited financial resources to settle Plaintiff's claims or satisfy a judgment. Therefore, it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full. The parties reached this settlement after mediation with individual plaintiff and counsel in an adversarial process.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is a satisfactory result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $1,984.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation after costs and represents a negative multiplier of the lodestar amount.

Plaintiff's counsel's lodestar in this case is $2,637.50 and Plaintiff's costs are $477.00. A copy of Plaintiff's billing record is attached as "Exhibit C." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 ,at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiff, including the effective billable rates which Plaintiff respectfully requests the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

    i.    I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

    ii.    Work performed by paralegals ("PU") are billed at the rate of $125 per hour. "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (finding that the paralegal's requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for paralegals from same firm).

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

We thank the Court for its time and consideration of this matter.

August 9, 2022
Page 4

                                                    Respectfully submitted,

                                                    /s Ramsha Ansari
                                                    Ramsha Ansari, Esq
                                                    CSM Legal, P.C.
                                                    *Attorneys for Plaintiff*

cc: All Counsel (via ECF)

District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of the circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

For the reasons discussed in the parties' fairness letter, the Court finds that the settlement is fair, reasonable, and the product of an adversarial process. While the settlement amount is significantly lower than Plaintiff's alleged damages, Plaintiff's counsel has acknowledged the risks associated with further litigation, including—in particular—the existence of factual and legal disputes and that Defendants have produced records demonstrating "limited financial resources to settle Plaintiff's claims or satisfy a judgment." *See Min Kyu Song v. Circle NYC Inc.*, No. 17-CV-5904 (SHS), 2018 WL 1737134, at *2 (S.D.N.Y. Mar. 23, 2018) (finding the settlement amount reasonable where the defendant corporation "went out of business . . . further reducing the possibility of plaintiffs obtaining a significant money judgment after trial"). In addition, the attorneys' fees are reasonable and the release provision is not over-broad. *See Meza v. 317 Amsterdam Corp.*, No. 14-cv-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); *Fernandez v. New York Health Care, Inc.*, No. 19-cv-11575 (OTW), 2020 WL 8880948, at *3 (S.D.N.Y. Apr. 20, 2020). The settlement agreement is thus approved.

SO ORDERED.

_____
Hon. Ronnie Abrams
August 11, 2022